**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTINA S. MAXWELL, | No. 15-16520 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02772-TLN-AC |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 12, 2018**
San Francisco, California

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Valentina S. Maxwell, a native and citizen of Russia, appeals pro se from the

district court's dismissal of her complaint under 8 U.S.C. § 1447(b) requesting a

hearing on her naturalization application, for failure to state a claim. We have

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim. *Yith v. Nielsen*, 881 F.3d 1155, 1161 (9th Cir. 2018). We reverse.

The district court erred in dismissing Maxwell's complaint for failure to state a claim, where the language of 8 U.S.C. § 1429 only bars the Attorney General, and not the district court, from considering a naturalization application when there is a removal proceeding pending against the applicant, and where Maxwell was not in removal proceedings pursuant to a "warrant of arrest," but pursuant to a notice to appear. *See* 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."); *Yith*, 881 F.3d at 1165, 1168 (the statutory language of 8 U.S.C. § 1429 applies only to the Attorney General, not the district court, and thus the district court is not prevented from granting relief under 8 U.S.C. § 1447(b); § 1429 is inapplicable to applicants in proceedings pursuant to a notice to appear, which is different from a "warrant of arrest"). Accordingly, we reverse the district court and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**